JOSEPH A. MANDOUR, III (SBN 188896)
BEN T. LILA (SBN 246808)
MANDOUR & ASSOCIATES, APC
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone:  (858) 487-9300
Facsimile: (858) 487-9390
jmandour@mandourlaw.com

Attorneys for plaintiff,
NRG GROUP LLC

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
2011 JUN -8  AM 11: 31
BY_____
FILED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NRG GROUP LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> SYNERGY BOTANICALS CO, LLC, a Wyoming limited liability company; and 6 DEGREES MARKETING GROUP, LLC, a Georgia limited liability company, <br><br> Defendants. | Civil Case No. ___ **SACV 11-00852 JST (MLGx)** <br><br> **COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, BREACH OF CONTRACT AND OTHER RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff NRG GROUP LLC (hereinafter "plaintiff" or "NRG GROUP"), by and through its counsel, alleges against defendants SYNERGY BOTANICALS CO, LLC ("SYNERGY") and 6 DEGREES MARKETING GROUP, LLC (hereinafter "6 DEGREES") as follows:

## NATURE OF THE ACTION

1.      This is an action for false designation of origin and passing off pursuant to 35 U.S.C. §1125 and state law, copyright infringement pursuant to 17 U.S.C. § 501, *et seq.* and breach of contract and unfair competition under state law and common law.

**THE PARTIES**

2.      NRG GROUP is a California limited liability company with a principal place of business in San Clemente, California.

3.      On information and belief, defendant SYNERGY is or purports to be a Wyoming limited liability company having a principle place of business in Atlanta, GA.

4.      On information and belief, defendant 6 DEGREES is or purports to be a Georgian limited liability company having a principle place of business in Atlanta, GA.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the trademark and copyright laws of the United States, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over defendants because defendants have transacted business in the Central District of California.  Further, on information and belief, the defendants systematically and continuously direct business activities toward and into the Central District of California by purchasing goods from NRG GROUP.

7.      Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim for false designation of origin, copyright infringement and unfair competition occurred in this district and defendants have significant contacts with the district.

**FACTS**

8.      NRG GROUP is the owner of the trademarks, NRG and NRG NATURAL ENERGY POWDER (+design), for dietary supplements and powders for sports or energy drinks as shown in Exhibit A attached hereto.  NRG GROUP and its predecessors-in-interest have used the marks in commerce since at least as early as January 4, 2011.

9.      Taylor Loeffler, now a member of NRG Group, was first contacted by members of 6 DEGREES around the end of February 2011.  Mr. Loeffler had previously worked with Alec Nicholas a/k/a Alec Nicholas Tundidor a/k/a John Musachia, on information and belief, an

owner or employee of 6 DEGREES.  Defendant 6 DEGREES indicated that it was interested in NRG GROUP's powder and wanted to purchase the product for re-distribution.  6 DEGREES purchased, paid for and received 5,000 units of NRG GROUP's product on March 3, 2011.  A specimen of the packaging for this order is attached hereto as Exhibit B.

10.     On March 4, 2011, the principles of 6 DEGREES flew to California and met with the principles of NRG GROUP at the Balboa Bay Club in Newport Beach, California.  At that meeting, the principles of 6 DEGREES admitted that they had been working on an identical product but were six weeks behind NRG GROUP.  The parties discussed forming a joint venture or other entity but no agreement was reached at that meeting.

11.     Unbeknownst to NRG GROUP's principles (Taylor Loeffler, Mike Browne and Matt Cuthbertson), the principles of 6 DEGREES formed a new entity named SYNERGY BOTANICALS CO., LLC, a Wyoming limited liability company on March 4, 2011.  Moreover, 6 DEGREES fraudulently named Messrs. Loeffler, Browne and Cuthbertson as members of SYNERGY.  6 DEGREES then presented the formation documents to Messrs. Loeffler, Browne and Cuthbertson on March 27, 2011.  However, 6 DEGREES did not provide an operating agreement for SYNERGY and none was subsequently created.

12.     6 DEGREES then purchased and paid for 9,600 more units of NRG GROUP's product on March 8, 2011.

13.     On April 1, 2011, NRG GROUP declined to form a new entity with 6 DEGREES.  Instead, NRG GROUP wanted to continue to sell product to 6 DEGREES for resale.  On April 8, 2011, John Wilhoite of 6 DEGREES acknowledged that defendants have no ownership of the NRG brand product or its marks as shown in Exhibit H attached hereto.

14.     However, on or about April 12, 2011, 6 DEGREES fraudulently filed U.S. Trademark Appl. No. 85/292,535 for NRG POWDER.  On or about April 20, 2011, NRG GROUP learned of the trademark application and demanded that 6 DEGREES abandon the application or transfer it to NRG GROUP.  6 DEGREES orally agreed to abandon the application but has refused to act.

15.     On April 25, 2011, 6 DEGREES ordered 2,000 more units of product from NRG

GROUP.  NRG GROUP shipped the product to 6 DEGREES but has not been paid by 6 DEGREES.  Copies of the invoice and order are attached hereto as Exhibit C.

16.     On April 27, 2011, 6 DEGREES ordered and paid for 5,000 more units of product from NRG GROUP.  A specimen of the packaging used for this product is attached hereto as Exhibit D.

17.     On April 29, 2001, 6 DEGREES contacted Taylor Loeffler and attempted to get him to leave NRG GROUP and join SYNERGY.  6 DEGREES falsely stated that it was the owner of the product and they would "ruin" NRG GROUP.

18.     On May 6, 2011, 6 DEGREES sent Taylor Loeffler a proposed agreement to have him assign intellectual property rights to 6 DEGREES.  A copy of that agreement is attached hereto as Exhibit E.  Mr. Loeffler refused to sign this proposed agreement.

19.     6 DEGREES and SYNERGY attended the CHAMPS trade show in Atlantic City, New Jersey.  At the show, 6 DEGREES and SYNERGY falsely represented to the public that they were the owners and manufacturers of NRG brand powder.  On information and belief, defendants created packaging and advertising materials identical to NRG GROUP's packaging and materials.  However, defendants falsely represented that SYNERGY was the manufacturer of the product as shown in Exhibit F attached hereto.

20.     NRG GROUP, via its counsel, attempted to contact defendants to demand that they cease and desist their infringing activities as shown attached hereto in Exhibit G.  Instead, the letters were refused by defendants and returned to sender.

## CLAIMS FOR RELIEF

### First Claim for Relief

### (Copyright Infringement)

21.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 20 of the Complaint as though fully set forth herein.

22.     At all times relevant hereto, plaintiff has been the owner of all copyright rights or rights to assert copyright claims for the NRG packaging and all derivative works.  Plaintiff further holds copyright registration certificates from the United States Copyright Office for the

packaging.

23.     Without authorization, 6 DEGREES and SYNERGY used, copied, reproduced, and republished the copyrighted packaging.  Defendants' copying, reproduction, and republication were commercial in character and purpose.  Defendants either completely or substantially used plaintiff's copyrighted packaging.

24.     Plaintiff did not authorize defendants' copying, displaying, or republishing of the works.  Defendants infringed the copyrights of Plaintiff's creative works by reproducing, republishing, publicly displaying, and creating derivates of the works.

25.     As a result of defendants' infringement, plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

26.     Defendants knew the infringed works belonged to plaintiff and that they did not have authorization to exploit plaintiff's works.  Defendants' infringements were therefore willful.

27.     On information and belief, defendants induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and assisting others to reproduce and republish plaintiff's works.  Further, on information and belief, defendants had knowledge of the infringing acts of others relating to plaintiff's copyrighted works.

28.     On information and belief, defendants have the right and ability to control the infringing acts of the individuals and entities that directly infringed plaintiff's works.  Further, on information and belief, defendants obtained a direct financial benefit from the infringing activities of the individuals or entities that directly infringed plaintiff's works.

29.     Defendants' actions, as set forth above, constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501, *et seq.*, all to the damage of plaintiff as previously alleged.

### <u>Second Claim for Relief</u>

### (False Designation of Origin – 15 U.S.C. §1125)

30.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 29 of the Complaint as though fully set forth herein.

31.     On information and belief, defendants willfully and intentionally adopted marks confusingly similar to plaintiff's NRG marks to steal plaintiff's goodwill.

32.     By reason of the foregoing and upon information and belief, defendants have violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by using, in connection with their goods and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of NRG GROUP with defendants and as to the origin, sponsorship, or approval of defendants' goods and commercial activities.

33.     By reason of the foregoing unlawful acts recited in paragraphs 1-29, NRG GROUP has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against defendants.

### Third Claim for Relief

### (State Law Unfair Competition)

34.     Defendants' acts, as set forth above in paragraphs 1-33 inclusive, constitute unfair competition as defined in California Business and Professions Code § 17200, et seq., all to the damage of plaintiff as previously alleged.

### Fourth Claim for Relief

### (Common Law Unfair Competition)

35.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 34 of the Complaint as though fully set forth herein.

36.     Defendants' acts, as set forth above, constitute unfair competition as defined under California common law, all to the damage of plaintiff as previously alleged.

### Fifth Claim for Relief

### (Breach of Contract)

37.     Plaintiff repeats and incorporates by reference the statements and allegations in

paragraphs 1 to 36 of the Complaint as though fully set forth herein.

38.     Defendants' failure to pay for the 2,000 units ordered on April 25, 2011 from NRG GROUP and shipped to 6 DEGREES constitutes a breach of contract.

39.     As a direct result of defendants' breach, NRG GROUP has been damaged in an amount in excess of $7,000, plus prejudgment interest allowed by law, costs, disbursements and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant judgment against defendants for the following:

A.     Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from:

     i.     infringing plaintiff's copyrighted works;

     ii.     infringing plaintiff's trademarks;

     iii.     competing unfairly with plaintiff in any manner, including infringing any of plaintiff's copyright rights; and

     iv.     conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (iii) above.

B.     Defendants, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference any of plaintiff's copyrighted materials, bearing plaintiff's trademark, or any other confusingly or substantially similar trademark, and any materials or articles used for making or reproducing the same.

C.     Defendants file with the Court and serve on plaintiff, within 30 days after the entry and service on defendants of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendants have

complied with the provisions of subparagraphs (A) and (B) above.

D.   NRG GROUP recovers all damages it has sustained as a result of defendants' copyright infringement and unfair competition.

E.   Plaintiff be awarded defendants' profits, corrective advertising damages and enhanced damages.

F.   An accounting be directed to determine defendants' profits resulting from their infringement and unfair competition and that the profits be paid over to plaintiff, increased as the Court determines is appropriate to the circumstances of this case.

G.   Plaintiff be awarded statutory damages.

H.   Plaintiff be awarded its reasonable attorneys' fees for prosecuting this action.

I.   Plaintiffs recover its costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.

J.   Plaintiff be awarded punitive damages pursuant to, *inter alia*, California common law, Business and Professions Code § 14250, and any other relevant statute.

K.   Plaintiff receives all other relief the Court deems appropriate.

///
///
///

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

Dated: June 7, 2011           MANDOUR & ASSOCIATES, APC

_____
Ben T. Lila (SBN 246808)
blila@mandourlaw.com
Attorneys for plaintiff,
NRG GROUP LLC

**EXHIBIT A**

EXHIBIT A



EXHIBIT A

**EXHIBIT B**

EXHIBIT B



EXHIBIT B

**EXHIBIT C**

EXHIBIT C

# Nature's Reef LLC

Nature's Reef LLC
2549B EASTBLUFF DR #195
NEWPORT BEACH, CA  92660

(949)214-9788

**Invoice**

| DATE | INVOICE # |
|------|-----------|
| 04/25/2011 | 1031 |

| TERMS | DUE DATE |
|-------|----------|
| Net 15 | 05/10/2011 |

**BILL TO**

Purity Brokers
2175 Piedmont Rd B10
Atlanta, Ga  30324

| AMOUNT DUE | ENCLOSED |
|------------|----------|
| $7,000.00 | |

Please detach top portion and return with your payment.

| Activity | Quantity | Rate | Amount |
|----------|----------|------|--------|
| • NRG powder | 2000 | 3.50 | 7,000.00 |
| • NRG powder; SAMPLES | 10 | 0.00 | 0.00 |

| | TOTAL | $7,000.00 |
|--|-------|-----------|

If you have questions regarding this invoice please email admin@naturesreef.net.

EXHIBIT C

**EXHIBIT D**

EXHIBIT D



EXHIBIT D

**EXHIBIT E**

EXHIBIT E

**SYNERGY BOTANICALS CO, LLC**
**1620 Central Avenue – Suite 202**
**Cheyenne, Wyoming 82001**

**Letter of Agreement**

May 03, 2011

Taylor Loeffler
1940 Maple Ave #108
Costa Mesa, California 92627

Dear Taylor Loeffler:

This letter sets forth the agreement that we have reached on May 03, 2011 after our telephone conference. Prior negotiations took place on several occasions and this Letter of Agreement constitutes the full agreement between the parties regarding the matters set forth herein.

That for and in consideration of the sum of Ten Dollars ($10.00), the premises set forth herein and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto do hereby agree as follows:

**1. Agreement.**
The Synergy Botanicals Co, LLC (hereinafter "Company") and Taylor Loeffler (hereinafter Contributor) do hereby agree that Contributor will continue to work with the Company to enhance the Company product lines, including the product known as NRG, through research and development of existing, new, and not yet produced products. Contributor agrees to enhance products while remaining within the scope of legality and all regulation.  During such activities Contributor agrees that products and ideas that result from those efforts will remain the property, both physical and intellectual, of the Company. Contributor is eligible for a salary and commission/royalties of no less than 10% net profit, $1/unit NRG Powder or other figure to be mutually agreed upon by both parties for products on which Contributor assisted based upon COGS, market conditions, sales price, and value.

EXHIBIT E

**2. Term of Agreement.**

This Agreement will become effective from January 01, 2011, and will remain in effect until January 01, 2016. This Agreement will terminate on the expiration of the term specified above, except as for termination of the Agreement as contemplated in Section 8 hereof.

**3. Force Majeure**

We shall not be considered in default hereunder or be liable for any failure to perform or delay in performing any provisions of this Letter of Agreement in the customary manner to the extent that such failure or delay shall be caused by any reason beyond our control, including an act of God; fire, explosions, hostilities or war, striking or work stoppage involving our employees or governmental restrictions, provided that who ever declares force majeure shall give notice to the other promptly and in writing of the commencement of the condition, the nature, and the termination of the force majeure condition. If performance under this Agreement has been interrupted by such circumstances, the parties hereto shall use every reasonable means to resume full performance of this Letter of Agreement as promptly as possible

**4. Notice**

Any notices to be given under this Agreement by either party shall be made by personal delivery in writing or by mail, registered or certified, postage prepaid with return receipt requested to the current address of the party receiving notification.

**5. No Other Agreement**

This Letter of Agreement contains the entire agreement between us. No part of this Letter of Agreement may be amended except in writing, executed by both of parties hereto. In addition, Contributor agrees that no other agreements, whether expressed or implied have been entered that will challenge this Agreement, the validity of the Agreement, the claims made by the Company, or the agreement made herein by Contributor.

**6. Governing Law**

This Letter of Agreement shall be interpreted in accordance with the laws of the State of Wyoming. Whenever possible, each provision of this Letter of Agreement shall be interpreted in a manner as to be effective and valid under applicable law, but if any provision shall be held to be prohibited or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating or affecting the remainder of such provision or any of the remaining provisions of this Letter of Agreement.

**7. Attorney's Fees**

If any action at law or in equity is brought to enforce or interpret the provisions of this Letter of Agreement, whoever prevails will be entitled to reasonable attorney fees in addition to any other relief to which that party may be entitled.

EXHIBIT E

**8. Termination**

Either party shall have the right to terminate this Agreement upon written notification to the other party upon the occurrence of either of the following events:

(a) A violation of any of the terms of this Agreement by Company or Contributor.

(b) The death or incapacity of either party during the term of this Agreement or the parties inability to perform as required pursuant to this Agreement.

Upon the termination of this Agreement, the Contributor shall return all company property to the Company and the Company shall pay the Contributor all monies due Contributor under this Agreement up to the date of such termination. Further, upon such termination, neither party shall have any right or obligation under this Agreement; provided, however, that the obligation of the Contributor set forth in Section 9 and Section 10 of this Agreement shall survive the termination of this Agreement and shall remain in force and effect.

**9. Confidentiality of Company Products and Property.**

During the term of this Agreement, Contributor may have access to Company proprietary and confidential matter and trade secrets regarding company products, property and company processes, including marketing strategies (hereinafter "Confidential Information"). Contributor acknowledges the economic value of the Company's Confidential Information. Contributor shall not reveal the Confidential Information of the Company to any person or entity, except Company's employees, agents and consultants, authorized for release of Confidential Information in writing by the Company. Any and all Confidential Information which may from time to time be in possession of Contributor shall be returned immediately to the Company upon the request of the Company.

**10. Non-Compete**

For a period of two (2) years following the termination of this Agreement, Contributor agrees not to directly or indirectly, solicit or call upon with the intent of doing business with the customers/clients of Company.  For a period of two (2) years following the termination of this Agreement for any reason, Contributor grees not to, directly or indirectly, compete with Company, as an officer, director, member, shareholder, owner, partner, contractor or independent contractor by working for or engaging in a competitive business in a capacity identical to or similar to the capacity that Contributor worked at Company. It is understood and agreed by the parties hereto that the terms and provisions of Section 9 and  Section 10 of this Agreement are only intended to prevent Contributor from unfairly taking advantage of the Company, but not preclude Contributor's opportunity to engage in his occupation in any unrelated and non-competitive field of endeavor, or engage in directly competitive endeavors so long as they meet the requirements of this Agreement. Contributor that Contributor's experience and abilities are such that the existence or enforcement of these provisions will not prevent Contributor from earning an adequate livelihood and/or will not cause an undue

EXHIBIT E

burden to Contributor. Contributor acknowledges the reasonableness of these provisions and Contributor agrees to strictly abide by the terms these provisions.

In Witness Whereof, the duly authorized representatives of the Company and the Contributor have affixed their hands and seals of the date hereinabove first written..

COMPANY


By:_____
Synergy Botanicals Co, LLC
Title:  Managing Member


CONTRIBUTOR


By_____
 Name:  Taylor Loeffler

EXHIBIT E

**EXHIBIT F**

EXHIBIT F



Synergy Botanicals Co

• • •

Dear NRG Powder Customers,

Thank you so much for your purchase…and congratulations!  You are now carrying our newest, most effective, and extremely exciting energy supplement product that is already gaining amazing popularity worldwide.  Our all-natural NRG powder energy supplement combines cutting edge bio-science technology with 100% premium natural ingredients to give your customers the extra boost they need during their increasingly demanding schedules.  All they have to do is add a serving of NRG to their favorite flavored sports drink or juice…and they'll make it through the day with vim, vigor, and vitality!

While we obviously can't give away the secret formula, we can say that after months and months of research and development, our scientists discovered the perfect ratios of the world's most effective natural energy ingredients that, when combined carefully in highly controlled environments, create an wonderfully powerful energizing blend.  Because our blend is so effective, please help us communicate and reinforce to your customers the importance of following the recommended serving sizes (50mg or 10 servings per container).  In addition, we ask that you use discretion during sales as this product is strictly intended for healthy adults 18 years of age or older who are capable of handling it's naturally raw power!

Thank you again for making your purchase with us and we look forward to watching your success and revenues grow by carrying our NRG powder energy supplement!

Warmest Regards,

Synergy Botanicals Co

**Customer Warning**:  Product intended for healthy adults 18 years of age or older.  Pregnant or nursing women should not use this product.  Consult with your health care provider before using this product, especially if you are taking any prescription, over the counter medication, dietary supplement product or if you have pre-existing medical condition including but not limited to: high or low blood pressure, cardiac arrhythmia, stroke, heart, liver kidney or thyroid disease, seizure disorder, psychiatric disease, diabetes, difficulty urinating due to prostate enlargement or if you are taking a MAO-B inhibitor or any other medication, including but not limited to MAOIs, SSRIs or any other compounds with serotonergic activity. This product should not be taken by individuals who are wishing to eliminate caffeine and similar ingredients from their diet. Discontinue use 2 week prior to surgery. Do not use in combination with caffeine or any stimulants from other sources whatsoever, including but not limited to, coffee, tea, soda, and other dietary supplements or medications.  Do not combine with alcohol. Discontinue use and immediately consult your health care professional if you experience any adverse reaction to this product.  Do not exceed recommended serving.  Do not use if safety seal is broken, missing, or tampered with.  KEEP OUT OF REACH OF CHILDREN.

EXHIBIT F

**EXHIBIT G**

EXHIBIT G



LAW OFFICES OF

# MANDOUR & ASSOCIATES
### INTELLECTUAL PROPERTY LAW

JOSEPH A. MANDOUR
JMANDOUR@MANDOURLAW.COM

2030 MAIN STREET, SUITE 1300
IRVINE, CALIFORNIA 92614
TEL: (949) 474-9330
FAX: (949) 474-9390
WWW.MANDOURLAW.COM

May 16, 2011

**VIA OVERNIGHT FEDEX**

John Wilhote
Managing Member
6 Degrees Marketing Group, LLC
2397 Heritage Park Circle NW
Kennesaw, GA 30144-4836

**Communication Subject to California Evidence Code Section 1152, Federal Rule of Evidence 408, and Related Laws**

Re:   **Unauthorized use of NRG Group Intellectual property**
        Our File No.: NRG Group/8294.01-003

Dear Mr. Wilhote:

This law firm represents NRG Group, LLC ("NRG Group"), owner of all trademarks, copyrights and related intellectual property for the NRG Natural Energy Powder product. Our client and its predecessor in interest have been using the NRG and related trademarks since at least as early as January 2011 in connection with various goods including without limitation a dietary supplement product.

As you know, NRG Group declined to enter into an agreement with you to jointly sell and market our client's NRG product. It has come to our attention that following our client's rejection of your proposal, you have sought to misappropriate our client's intellectual property rights by deceiving consumers into believing that the NRG product originates from your company. Further, we have observed that you intend to market a counterfeit NRG product at the C.H.A.M.P.S. Tradeshow on May 17, 2011 in Atlantic City, New Jersey as well as online at the website NRGPowder.com.

We have further observed that you have filed an intent-to-use trademark application for NRG POWDER for "natural herbal supplements." Your use of NRG and NRG POWDER is likely to cause

© 2011 Mandour & Associates, APC

EXHIBIT G

John Wilhote
6 Degrees Marketing Group, LLC
May 16, 2011
Page 2

consumer confusion with our client's trademark.  This indisputably violates trademark and other unfair competition laws including, but not limited to, the Lanham Act (15 U.S.C. §1051, *et. seq.*).  Your use of NRG and NRG POWDER is likely to create initial interest confusion and otherwise deceive the public into believing that your products or services are licensed by, sponsored by, or otherwise affiliated with NRG Group, which is not the case.  Further, your use of the NRG and NRG POWDER trademarks on products not from NRG Group at a minimum exposes you to liability to our client for passing off, counterfeiting, cybersquatting and unfair competition.  Your attempt to deceive consumers at tradeshows and contact NRG Group's supplier constitutes tortious interference, trade libel and false / deceptive advertising.

Your unauthorized use of our client's designs also constitutes willful infringement under the Copyright Act (17 U.S.C. § 101, *et. seq.*), which entitles our client to injunctive relief, damages, profits, statutory damage up to $150,000 per infringement and recovery of all attorneys' fees expended in prosecuting the matter.  Please note that 17 U.S.C. § 504 of the Copyright Act entitles a copyright owner to recover the actual damages suffered as a result of the infringement in addition to all profits of the infringers.

By **May 20, 2011**, we demand that you: (1) cease and desist from any further use of the infringing designs including product packaging and displays; (2) recall from all distributors and retailers all products containing the infringing designs; (3) produce an accounting of all products that you have manufactured or sold which utilize the copyrighted designs which accounting includes: (i) a product description; (ii) the dates of manufacture and sale; (iii) the amount manufactured and sold; (iv) the names and addresses of all manufacturers and distributors/retailers that items were purchased from and sold to; and (v) the purchase and sale price of each product; and (4) provide written assurance by an officer of your company that all information provided is complete and fully accurate.  Our client intends to demand a full disgorgement of profits from the infringements and we are prepared to aggressively defend our client's rights should all parties not fully cooperate.

Our client has a legal duty to police any confusingly similar uses of its trademarks.  Therefore, NOTICE IS HEREBY GIVEN that NRG Group demands that you immediately cease and desist from any further use of the NRG and NRG POWDER trademarks, cease any further use of the MORE WINGS LESS BULL trademark and abandon U.S. Trademark Serial No. 85/292,535.  NRG Group regards all use of its trademarks as willful infringement.

**Please take notice that you have a duty to preserve materials related to this matter as potential evidence in the event of litigation.**

© 2011 Mandour & Associates, APC

EXHIBIT G

John Wilhote
6 Degrees Marketing Group, LLC
May 16, 2011
Page 3


The demands asserted in this letter are with full reservation of all rights and remedies our client may possess including, but not limited to, past and continuing profits, actual damages, treble damages, attorneys' fees, claims of dilution, and the right to injunction.


Very Truly Yours,


Ben T. Lila, Esq.
Mandour & Associates, APC


BTL/khb
cc: NRG Group, via U.S. mail

© 2011 Mandour & Associates, APC

EXHIBIT G

**EXHIBIT H**

EXHIBIT H

Date: Fri, April 08, 2011 10:58 am
To: "Taylor Cali" <taylor@naturesreef.net>, "John Musachia"
<puritybrokers@gmail.com>

Taylor, thank you for the quick reply! We definitely want to talk. Can you give us a call just for a few minutes today at your convenience please? We need some info today for sure.

We have made a $50k investment to secure the energy slot in a national campaign and are about to invest more in product placement.

We also have several 'pre-orders' with distributors and we would like to make things happen ASAP, but we would also like to have everybody committed as a team before we just blindly moved things forward with material of which we don't currently officially have any ownership. I know you said we can say we do, but we haven't formalized anything and we are spending a LOT of $ to not have a firm commitment. You understand, right?

Hoping this finds you well...

Kindest Regards,

John

EXHIBIT H

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV11- 852 JST (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division** 312 N. Spring St., Rm. G-8 Los Angeles, CA 90012 | [X] **Southern Division** 411 West Fourth St., Rm. 1-053 Santa Ana, CA 92701-4516 | [ ] **Eastern Division** 3470 Twelfth St., Rm. 134 Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Joseph A. Mandour (SBN 188896)
Ben T. Lila (SBN 246808)
Mandour & Associates, APC
16870 W. Bernardo Drive, Suite 400
San Diego, California, 92127
(858) 487-9300

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NRG GROUP LLC, a California<br>Limited Liability Company<br><br>PLAINTIFF(S)<br><br>v.<br><br>SYNERGY BOTANICALS CO, LLC<br>a Wyoming Limited Liability Company; 6 DEGREES<br>MARKETING GROUP, LLC a Georgia Limited Liability<br>Company<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV 11-00852 JST (MLGx)**<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Joseph A. Mandour_____, whose address is _Mandour & Associates, APC, 16870 W. Bernardo Dr., Ste. 400 San Diego, CA, 92127___.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___JUN - 8 2011___

By: _____
Deputy Clerk

NANCY K BOGME

(Seal of the Court)

1191

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| NRG GROUP LLC | SYNERGY BOTANICALS CO, LLC; 6 DEGREES MARKETING GROUP, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Mandour & Associates, APC, 16870 W. Bernardo Drive, Suite 400, San Diego, California 92127, (858) 487-9300 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

17 U.S.C. § 501, et seq. Copyright Infringement and other related claims

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

| FOR OFFICE USE ONLY: Case Number: **SACV 11-00852 JST (MLGx)** |
|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County: NRG Group LLC | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Wyoming: Synergy Botanicals Co, LLC<br>Georgia: 6 Degrees Marketing Group, LLC |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County (all claims) | |

*ᵃ **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date June 7, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |